**MORRIS et al. v. JACKSON et al. (No. 969–4802.)**

Commission of Appeals of Texas, Section A. June 25, 1927.

**1. Judgment ⬥199(1)—Court held unauthorized to render judgment contrary to jury's finding that defendants had had adverse possession of property for 10 years (Rev. St. 1925, art. 5513).**

Where jury found that defendants had had peaceable and adverse possession of property, cultivating, using, and enjoying it for 10 years, as required by Rev. St. 1925, art. 5513, court was not authorized to render contrary judgment, in view of statutes requiring judgment to conform to verdict.

**2. Tenancy in common ⬥15(7, 8)—Cotenants' possession cannot become hostile to title of other cotenants in possession till latter have knowledge of former's claim of title.**

Possession by some of cotenants cannot become inconsistent with and hostile to title of other cotenants in possession until latter have knowledge that former are claiming title held by them.

**3. Tenancy in common ⬥15(1)—Finding that cotenants held "adverse possession" was necessarily finding that other cotenants had knowledge of adverse claim.**

Jury's finding that cotenants held adverse possession as against other cotenants was necessarily finding that such other cotenants

had knowledge of adverse claim, since "adverse possession" is appropriation under claim of right inconsistent with and hostile to claim of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

**4. Tenancy in common ⬥15(1)—Verdict finding cotenants in adverse possession as against other cotenants, without knowledge of adverse claim by latter, did not authorize any judgment, being inconsistent and contradictory.**

Where jury found that cotenants held adverse possession as against other cotenants, but that latter did not have knowledge of adverse claim, trial court should have rendered no judgment, but should have set verdict aside on account of inconsistent and contradictory findings.

**5. Appeal and error ⬥1095—Court of Civil Appeals must make up and file conclusions of facts and law (Rev. St. 1925, art. 1873).**

Failure and refusal of Court of Civil Appeals to comply with requirements of Rev. St. 1925, art. 1873, providing for making up and filing of conclusion of facts and law, is error, since provisions of such article are mandatory.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit for partition by Mrs. Elizabeth Jackson and others against J. F. Morris and others. Judgment for plaintiffs was affirmed by the Court of Civil Appeals, and defendants bring error. Reversed and remanded.

I. C. Underwood, of Marshall, and Rowell & Rowell, of Jefferson, for plaintiffs in error.

Schluter & Singleton, of Jefferson, and Davidson, Blalock & Blalock, of Marshall, for defendants in error.

BISHOP, J. In 1881 E. B. Morris purchased 440 acres of land. In 1908 he died intestate, leaving as his sole and only heirs four children, J. F. Morris, G. A. Morris, J. S. Morris, and Mrs. Elizabeth Jackson. J. S. Morris died intestate in 1913, and Mrs. Elizabeth Jackson and the children of J. S. Morris, defendants in error herein, alleging that they and J. F. Morris and G. A. Morris, plaintiffs in error, owned this land as tenants in common, seek partition. Plaintiffs in error, being in possession of the land, interposed their plea of limitation of 10 years.

On trial the court submitted to the jury a special issue as to whether plaintiffs in error had held peaceable and adverse possession of this land, cultivating, using, or enjoying the same for a period of 10 years next before defendants in error asserted title herein, defining adverse possession as same is defined by statute. To this special issue the jury answered that they had. The court also submitted the issue as to whether defendants in error had knowledge of the adverse claim of title by plaintiffs in error, and

the jury found that they did not. On this verdict the court rendered judgment against plaintiffs in error on their plea of limitation, and rendered and entered judgment decreeing partition of the land. This judgment was by the Court of Civil Appeals affirmed.

[1] Our statutes expressly provide that peaceable and adverse possession of real estate, together with cultivation, use, or enjoyment for 10 years, shall confer title. Article 5513, R. C. S. 1925. The pleadings of plaintiffs in error tendered the issue of such possession, and the verdict of the jury determined this issue by finding that plaintiffs in error had had peaceable and adverse possession of the property, cultivating, using, or enjoying the same for a period of 10 years next prior to the assertion of title by defendants in error in this suit. Our statutes require that the judgment of the court shall conform to the verdict. The court was not authorized to render judgment contrary to this finding.

Adverse possession is a legal term defined by statute (art. 5515) as follows:

" 'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

[2, 3] As each tenant in common of land has the right to hold possession and have the use thereof, possession by some of the cotenants cannot become inconsistent with and hostile to the title of other cotenants in possession until the latter have knowledge that the former are claiming the title held by them, and under this statutory definition, there could be no adverse possession held by some cotenants which would bar the title of other cotenants without knowledge on the part of those against whom title is asserted. This being true, "adverse possession," as that term is used and defined by the statute, and by the court's charge, includes knowledge of an adverse claim, as such knowledge is necessary to render the claim of right hostile, and the finding of the jury that plaintiffs in error had held "adverse possession" of the land in controversy was necessarily a finding that the defendants in error had knowledge of the adverse claim of title by plaintiffs in error. The trial court in the charge seems to have treated as synonymous the terms "adverse claim" and "adverse possession." They are not synonymous. The latter, as stated, is a legal term defined by statute which has reference to the character of possession held. The former has reference to the character of claim made. The latter includes not only the former, but also knowledge of the former by those against whom such claim is asserted.

[4] The finding made by the jury that defendants in error did not have knowledge of the adverse claim of title by plaintiffs in error was inconsistent with and contradictory of the finding that plaintiffs in error had held peaceable and adverse possession of the land, cultivating, using, or enjoying the same for 10 years next prior to the time defendants in error asserted claim to title in this suit. The trial court should have rendered and entered no judgment on the verdict, but should have set the verdict aside, as same, on account of inconsistent and contradictory findings, did not authorize judgment for either plaintiffs in error or defendants in error.

[5] The Court of Civil Appeals did not render an opinion including therein its conclusion of facts, nor did it make up and file its conclusion of facts and law as required by article 1873, R. C. S. 1925. The provisions of this article are mandatory, and the assignment of error complaining of failure and refusal of the court to comply with the requirements of this article should be sustained.

We recommend that the judgments of both courts be reversed, and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.