**FIELD et al. v. SOSBY.**

No. 2880.

Court of Civil Appeals of Texas. Waco.

Jan. 5, 1950.

Rehearing Denied Feb. 2, 1950.

Bartlett & Bartlett, Marlin, for appellant.
Barney A. Garrett, Waco, for appellee.

HALE, Justice.

Appellee instituted this suit in the court below on January 9, 1949, as an action in trespass to try title to 23 acres of land. She based her claim of title upon the ten year statute of limitation as embraced in Art. 5510 of Vernon's Tex.Civ.Stats. She also sought the recovery of damages, actual and exemplary, alleging as grounds therefor that appellants had maliciously dispossessed her of the premises by force and violence on October 4, 1948. Appellants answered with a plea of not guilty and specially pleaded that the property in controversy belonged to the estates of R. Tucker and Sally Tucker, deceased; that appellants, among others, constituted the heirs at law of the Tuckers; and that appellee's possession of the premises had been in recognition of the title of the estate of R. Tucker thereto. They prayed that appellee take nothing and that the land in controversy be adjudged "the property of the estate of R. Tucker and Sally Tucker, deceased."

The case was tried before a jury. In response to special issues the jury found in substance, among other things, that appellee had held peaceable and adverse possession of the premises for a period of ten consecutive years prior to October 4, 1948; that on the latter date appellants broke into the residence situated on the land in suit; and that $50.00 was the amount of actual and $50.00 the amount of exemplary damages that should be assessed against appellants on account of their wrongful conduct in ejecting appellee. Accordingly, the court rendered judgment against appellants awarding the title and possession of the land and the sum of $100.00 as damages to appellee and decreeing that neither appellants nor the estate of R. Tucker or of Sally Tucker owned any right, title or interest in or to the property in controversy.

Under the first point in their brief, appellants say the trial court erred in refusing to submit to the jury the following requested issue: "Do you find from a preponderance of the evidence that the heirs of Radar Tucker have had any notice of

any claim by plaintiff to the land inconsistent with or hostile to their interest, if any such claim was made by plaintiff?" They contend, as we understand, that if appellee ever owned any interest in the land she was only a joint owner thereof with the heirs of R. Tucker and her possession as such was that of a cotenant with them. Consequently, they assert that appellee's possession was not adverse to them so as to set in operation the statutes of limitations unless a repudiation by her of their rights as cotenants was brought to their notice.

■■ "Adverse possession" is a statutory method of acquiring title to land by limitation. It is defined by statute to be "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Art. 5515 of Vernon's Tex.Civ.Stats. As thus defined it necessarily embodies the idea that the owner of or persons interested in the land had notice of the assertion of ownership by the occupant. Morris v. Jackson, Tex. Com.App., 296 S.W. 486.

Appellee testified in effect that she and her husband were in exclusive possession of the property in controversy from the time when her husband's mother died in 1919 until the death of her husband in 1937, cultivating, using and claiming the same as their own; that she continued in possession of the property from the time of her husband's death until October 4, 1948, claiming the same as her own; and that she knew of no person other than her husband and herself asserting any claim of ownership thereto during that period of time.

■ From the record before us we cannot say as a matter of law that Radar Tucker or his heirs ever owned any valid right, title or interest in or to the land involved in this suit. It was not shown by any written memorial or muniments that appellee, appellants or those under whom either of the parties claim ever acquired title or color of title to the land. It thus appears to us that appellants' contention to the effect that they were cotenants with appellee is not well founded. Furthermore,

appellants did not interpose any objection to the trial court's charge, they did not request any special charge or definition relating to the issue of appellee's adverse possession as submitted, and they did not request the submission of any proper issue or issues from which it might be determined that they or R. Tucker ever owned any title or interest in the property, if indeed the evidence as a whole was sufficient to raise any such issue of ownership. Moreover, the jury found in response to an issue requested by appellants and submitted by the court that appellee's possession of the land from the time of the death of Minerva Sosby in 1919 until October 4, 1948, was not in recognition of any title in the estate of R. Tucker to such property. Therefore, we overrule appellants' first point of error.

■ Under their second point appellants say the court erred in excluding from the evidence a certain deed from N. W. Twitty et al. to R. Tucker et al. dated June 18, 1884 and filed for record in the year 1937. Although the statement of facts contains some evidence relating to such an instrument and considerable repartee between counsel for the respective parties with reference thereto, we find no showing in the record, either by bill of exception or otherwise, that appellants ever offered to introduce such instrument, or a certified copy thereof, in evidence or that the court refused to admit the same or as to what the contents thereof might have been. Hence we overrule appellants' second point.

■ The other points in the brief of appellants do not appear to be germane to any of the grounds of error specified in their motion for new trial. Rule 374, Texas Rules of Civil Procedure, provides that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived. However, even though each point had been properly raised in the court below and overruled, we do not think any of such rulings would have constituted reversible error.

Therefore, the judgment appealed from is affirmed.