Lillian V. THOMPSON, doing business as Link Employment Service, Appellant,

v.

The ATLANTIC REFINING COMPANY, Appellee.

No. 3393.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1956.

Rehearing Denied Nov. 22, 1956.

O'Connor & Douglass, Dallas, for appellant.

Carrington, Gowan, Johnson, Bromberg, & Leeds, Dallas, for appellee.

TIREY, Justice.

Appellant brought this suit against the appellee to recover $178.60 as a fee or charge for placing with appellee a prospective employee, J. R. Pickett. She grounded her cause of action on an implied agreement by appellee to pay for her services. She also sued for reasonable attorney's fees, which she alleged to be $250. The cause was tried without the aid of a jury and when appellant rested her cause, appellee filed motion for judgment, setting up in detail the grounds therefor, and the court granted the motion and found that appellant had failed to make out her case, and decreed that she take nothing. Appellant excepted to the order and gave notice of appeal and seasonably perfected her appeal to the Dallas Court of Civil Appeals and the cause is here on transfer order of our Supreme Court.

At the request of appellant the trial court filed findings of fact and conclusions of law. We quote them substantially:

"Findings of Fact.

"1. Lillian V. Thompson, d/b/a Link Employment Service, was a duly licensed employment agency.

"2. Link Employment Agency prior to and including February 2, 1955, had a written contract with one J. R. Pickett which provided in part that if the said Pickett obtained employment from a contract arranged by Link Employment Agency, that the said Pickett would pay for such service.

"3. The said J. R. Pickett, while under such contract with Link Employment Agency, was employed by the Atlantic Refining Company.

"4. That if the Link Employment Agency did any act pertaining to the getting the said Pickett in contact with the Atlantic Refining Company, that said act by Link Employment Agency was in performance of its contract with Pickett.

"5. That no act of any person connected with the Link Employment Agency concerning the placement of the said J. R. Pickett was performed at the request of the Atlantic Refining Company.

"6. Atlantic Refining Company made no offer to Link Employment Agency to pay said agency any sum of money for being placed in touch with J. R. Pickett or any other person at any time.

"7. Prior to February 2, 1955, the Atlantic Refining Company had interviewed and employed other persons who came to it through the arrangements with Link Employment Agency and on no occasion had Link Employment Agency ever requested Atlantic as employer to pay any fee, nor had Atlantic ever paid or offered to pay any fee to Link because of the applicant appearing for interview pursuant to the assistance of Link.

"8. There was no proof that any person at Atlantic Refining Company, acting within the scope of his authority, before Pickett, was employed by Atlantic, make any kind of request, offer, or promise to anyone at Link Employment Agency pertaining to the job for which Pickett was later employed.

"9. There was no proof that Atlantic Refining Company received any benefit from any act of Link Employment Agency in regard to the employment of J. R. Pickett.

"Conclusions of Law.

"1. There was no contract, express nor implied, between Lillian V. Thompson, d/b/a Link Employment Agency, and the Atlantic Refining Company in regard to the employment of J. R. Pickett.

"2. There was no service performed at the request of Atlantic Refining Company by Lillian V. Thompson, d/b/a Link Employment Service, because of the employment of J. R. Pickett, and further, Atlantic Refining Company is not obligated to pay any attorney's fees incurred in this suit by Lillian V. Thompson, and all costs of suit should be charged against Lillian V. Thompson."

Appellant's second point is: "The court erred in finding, as a matter of law, that no implied agreement existed on the part of defendant to pay plaintiff a reasonable sum of money for the services rendered by plaintiff for defendant in the premises." We overrule this contention.

■ Since this cause was tried without the aid of a jury, we are bound by the following rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal and Error, ■

■ We have examined the testimony tendered very carefully and it is our view that it is ample to support the findings of the trial judge. In fact, we think the appellant's testimony fails to tender any justiciable issue for the court to decide.

Being of the foregoing view, further discussion of this cause or the citation of authorities would be of no avail.

It necessarily follows that each of the remaining claimed errors pass out of the case. If we are mistaken herein, then each is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.