CORPORATE PERSONNEL CONSULTANTS, **Appellant,**

v.

**WYNN OIL COMPANY, INC., Appellee.**

No. 8402.

Court of Civil Appeals of Texas, Texarkana,

Nov. 16, 1976.

Edith L. James, Dallas, for appellant.

William Woodburn, Woodburn & Sullivan, Dallas, for appellee.

CHADICK, Chief Justice.

This is a suit by an employment agency to collect a fee for services rendered in furnishing a job applicant, subsequently hired, to an employer. In a non-jury trial judgment was rendered that the agency take nothing. The judgment of the trial court is affirmed.

Mr. Scott Morgan entered into a written contract with Corporate Personnel Consultants, an employment agency, which obligated the agency to assist Morgan in securing a position and required Morgan to pay a fee for such service in accordance with a schedule in the agreement. Incidental services to Morgan, as the agency interpreted the contract, included effort to set up interviews for him with prospective employers.

Shortly after the contract was signed Mr. M. R. Kendall, employed by the agency as a counselor, investigated Morgan's qualifications and undertook to assist him by making a cold or blind telephone call to Wynn Oil Company, Inc. The call appears to derive description from its chanceful nature as it was made to a firm with which the agency was a stranger with no referral or other previous relationship. The purpose of the call was to determine whether an accountant was needed by the company. The business of Wynn Oil Company, Inc. was operated out of a one-girl office by the company president and his personal secretary. Kendall talked with the president's secretary, Mrs. Carolyn Sue Kelley, who informed him that the company was not looking for an accountant but that she would check with the company president, Mr. R. C. Wynn, and see if he was interested.

Kendall continued to call and in the course of the calls gave a description of Morgan and his former employment. He asked if the company would be interested in talking to Morgan. Mrs. Kelley finally returned one of Kendall's calls and told him Wynn would interview Morgan. Thereafter Morgan presented himself at Wynn's home for an interview and was eventually employed. Additional facts will be stated when pertinent in connection with issues discussed.

Though other grounds were plead, the agency ultimately relied for recovery upon the doctrine of quantum meruit, a contract implied in law also denominated a quasi-contract by legal writers. A concise but comprehensive definition of the principle or body of principles enfolded in the doctrine would be very difficult to formulate. In the context of this case, the doctrine may be said to subsume a rule that a request for or acceptance of service commonly performed for pay implies a promise of reasonable remuneration. See *Suderman-Dolson Co. v. Hope,* 118 S.W. 216 (Tex. Civ.App.1909, no writ); *Crockett v. Sampson,* 439 S.W.2d 355 (Tex.Civ.App.Austin

1969, no writ); *Colbert v. Dallas Joint Stock Land Bank of Dallas,* 129 Tex. 235, 102 S.W.2d 1031 (1937) 98 C.J.S. Work and Labor §§ 8 and 55; 66 Am.Jur.2d, Restitution and Implied Contracts, Sections 21 and 22; 13 Tex.Jur.2d, Contracts, Sections 6 and 304.

■ The agency requested Tex.R.Civ.P. 296 findings of fact and conclusions of law. The trial judge found that the oil company did not seek the services of the agency. The finding is the subject of the agency's second point of error. The issues of no evidence and that the finding is contrary to the great weight and preponderance of the evidence are presented. The finding's effect is similar to a jury verdict upon the issue. Unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong this court may not set it aside. See *Paul v. Johnson,* 314 S.W.2d 338 (Tex.Civ. App.Houston 1958, writ dism'd); 4 McDonald's Texas Civil Practice, Sec. 16.05.

■ Testimony relevant to this issue, that is, whether or not the oil company sought the services of the agency, is from interested sources, the oil company's employees on one hand and the agency's on the other. The agency's counselor acknowledged that the agency had a duty to seek interviews for its client Morgan with prospective employers. The secretary to the president of the company said the agency made several calls and invited company representatives to interview Morgan. At the president's direction the secretary called the agency and arranged for an interview. The finding made by the trial judge implies that the judge on consideration of all evidence in the record found that arranging the interview was an acceptance of the agency's invitation that company representatives interview its client; and that acceptance of the invitation was not a request by the company that the agency perform a service for the company by sending its client to the company for an interview. This construction of the evidence appears reasonable. There was no evidence or suggestion of custom or a practice in the employee placement field that an employer remunerate an employment agency for referring job applicants to it or assumes liability for agency fees on mere acceptance of an invitation to interview an agency client. The evidence supports the trial court's finding. An when the entire record is considered the finding is not so contrary to the great weight and preponderance of all evidence as to be clearly wrong.

The trial court also found that all services performed by the agency were performed for Morgan pursuant to the agency's contract with Morgan. Appellant's third point of error makes the same attack on this finding as made in the finding previously discussed. The conclusion previously reached controls in this instance also. Accepting an invitation to interview the agency's client is not a solicitation that the agency perform a service for the company nor an acceptance of a service rendered by the agency to the company which is customarily performed for pay. In another context, interviewing an agency client is the equivalent of a prospective buyer's consent to examine goods a seller has on display. The trial judge's construction of the evidence is reasonable and the evidence supports the finding. See *Thompson v. Atlantic Refining Company,* 295 S.W.2d 289 (Tex.Civ.App. Waco 1956, writ dism'd).

■ Counsel for the agency asked the president of the company, while a witness, this question: "Well, whom did you expect to pay the fee?" Objection to an answer was sustained. This action of the trial court is the subject of the agency's fourth point of error. The agency argues that the question was to develop the witness's state of mind at a particular time and that a truthful answer would have revealed that the president of the company expected the company to pay the fee. The answer to.the question, in the context shown, is generally considered admissible and admitted into evidence. 2 McCormick & Ray, Texas Law of Evidence, Sections 1391 and 1428. However, no objection was made to the court's ruling nor does the record show by bill of

exception or otherwise the witness's answer to the precise question. On further examination by the agency's counsel the witness testified that he did not know the policy of other employers but that it was the policy of his company not to pay agency fees. When the entire record is considered, it appears that error in excluding the witness's answer is harmless, but harmless or not, failure to preserve error as required by Tex.R.Civ.P. 372 and 373 deprives this court of a basis for review. See *Field v. Sosby*, 226 S.W.2d 484 (Tex.Civ.App.Waco 1950, writ ref'd); *LeNoble v. Weber, Hall, Cobb and Caudle, Inc.*, 503 S.W.2d 321 (Tex.Civ. App.Tyler 1973, no writ); Wood, The Bill of Exceptions as Basis for Review, in State Bar of Texas, Appellate Procedure in Texas, Sec. 9.8(3) (1964). The point of error is overruled.

A discussion of the agency's first point of error is omitted. Should the point have merit and be sustained such consequence would not change disposition of the appeal. No error is found requiring reversal of the trial court judgment. Accordingly, judgment is affirmed.