**Nick ZELIOS, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 19541.**

Court of Civil Appeals of Texas, Dallas.

June 6, 1978.

Rehearing Denied July 13, 1978.

Morris I. Jaffe, Wynne & Jaffe, Dallas, for appellant.

Robert P. Buckner, Charles M. Hinton, Asst. City Attys., Dallas, for appellee.

## ON REHEARING

ROBERTSON, Justice.

Our original opinion is withdrawn and the following opinion is substituted therefor.

The City of Dallas sued Nick Zelios, seeking a mandatory injunction to force removal of a frame structure built on the side of his condominium. The City alleged that the structure was built without the building permit and safety inspections required by the Dallas Building Code and Comprehensive Zoning Ordinance, and that it extended into the side yard which, under the ordinance, is required to remain unobstructed. The City further asserted that as a result of the lack of safety inspections, the improvement might pose a serious threat to the safety of persons and property within or near the structure. The trial court issued a mandatory injunction directing Zelios to remove the structure, and Zelios now appeals. We affirm.

The primary question on this appeal is whether the trial court abused its discretion in ordering the mandatory injunction. The resolution of this issue depends upon whether the findings of fact filed by the trial court support its decree. According to the findings, the subject structure is a one-story home improvement approximately nine feet wide. It occupies virtually the entire ten-foot side yard for a length of forty-four feet adjacent to and adjoining Zelios' condominium unit. The structure

contains electrical wiring, and has no foundation other than that provided by its attachment to the condominium. The court further found that Zelios "knew he was doing wrong in adding the structure" and that the Board of Adjustment of the City of Dallas had denied Zelios' application for a variance in the side yard requirements on two occasions. The sufficiency of the evidence to support these findings has not been challenged, and accordingly, we must accept the findings as a correct recitation of the facts. *Katz v. Rodriguez,* 563 S.W.2d 627, 631 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Texas State Board of Pharmacy v. Gibson's Discount Center, Inc.,* 541 S.W.2d 884 (Tex.Civ.App.—Austin 1976, no writ).

The City argues that since these findings show a willful violation of the ordinance, the mandatory injunction was proper. We agree. Although we have found no Texas authority, it is the general rule in other jurisdictions that mandatory injunctive relief is proper when the defendant acts with full knowledge that his acts are wrongful. *See, e. g., Welton v. 40 East Oak Street Building Corp.,* 70 F.2d 377 (7th Cir. 1934); *Morgan v. Veach,* 59 Cal.App.2d 682, 139 P.2d 976 (1943); *Flower Haven, Inc. v. Palmer,* 502 P.2d 424 (Colo.App.1972); *Hollingsworth v. Szczesiak,* 32 Del.Ch. 274, 84 A.2d 816 (1951); *Johnson v. Pattison,* 185 N.W.2d 790 (Iowa 1971); *McCavic v. DeLuca,* 233 Minn. 372, 46 N.W.2d 873 (1951); *Wilson Concrete Co. v. County of Sarpy,* 189 Neb. 312, 202 N.W.2d 597 (1972); *Higgins v. Builders and Finance, Inc.,* 20 N.C.App. 1, 200 S.E.2d 397 (1974); *Williamson v. Needles,* 191 Okl. 560, 133 P.2d 211 (1942); *McCausland v. Jarrell,* 136 W.Va. 569, 68 S.E.2d 729 (1952).

Zelios argues that enforcement of the ordinance by mandatory injunction will damage him in an amount which is grossly disproportionate to the damage, if any, resulting from the violation. In essence, this argument urges us to reverse the trial court because it failed to "balance the equities" by considering the respective damage to the City and Zelios before issuing its order. We cannot accept this argument. Equity never aids in the commission of a wrong. *Sanders v. Cauley,* 52 Tex.Civ.App. 261, 113 S.W. 560 (1908, no writ). Consequently, the doctrine of balancing the equities cannot be invoked by a party guilty of intentional wrong. *See Grey ex rel. Simmons v. City of Paterson,* 60 N.S.Eq. 385, 45 A. 995 (1900); *Stuart v. Lake Washington Realty Corp.,* 141 W.Va. 627, 92 S.E.2d 891 (1956); *McCauslar v. Jarrell, supra.* As the court stated in *Welton v. 40 East Oak Street Building Corporation,* 70 F.2d 377, 383 (7th Cir. 1934), a case in which the defendant's violation was willful:

> There is involved that immeasurable but nevertheless vital element of respect for, and compliance with, the health ordinance of the city. The surest way to stop the erection of high buildings in defiance of zoning ordinances is to remove all possibility of gain to those who build illegally.

We express no opinion on the City's burden of proof if no willful violation is shown.

Affirmed.

AKIN, Justice, dissenting.

I cannot agree with the majority opinion that the trial court's finding that appellant knowingly violated the zoning ordinance obviates the necessity of the city to show that serious injury may occur if the structure is not removed by mandatory injunction. Instead, I would adhere to our original opinion. I can see no logical reason to draw a distinction between a case where the property owner unknowingly violates an ordinance and a situation where the owner knows prior to construction that the structure violates the zoning ordinance. Neither can I accept the rationale of the majority, as well as the conclusion of law of the trial court, that because the violation was with knowledge, the court is prevented from balancing the equities and has no choice but to grant the mandatory injunction even upon a showing of a slight technical violation of the ordinance. Thus, the thrust of the ma-

jority opinion is that mere proof of a violation of the ordinance entitles the city to a mandatory injunction if the property owner had knowledge of the violation.

None of the cases cited by the majority stand for the proposition that a city need show only a knowing violation of a building ordinance in order to obtain a mandatory injunction. Indeed, cases cited in the majority opinion concern restrictive covenants, covenants not to compete, and suits by individuals to enforce an ordinance asserting a vested property right, none of which are germane to the question here presented.

In my view, the general rule governing the issuance of a mandatory injunction applies here. Thus, a mandatory injunction compelling the destruction of property should be granted only where serious injury is likely to occur if the injunction is not granted. *City of Dallas v. Gaechter,* 524 S.W.2d 400, 402 (Tex.Civ.App.—Dallas 1975, writ dism'd); *Cabla v. Shockley,* 402 S.W.2d 289, 291 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.); *Nolte Irrigation Co. v. Willis,* 180 S.W.2d 451, 455 (Tex.Civ.App.—Amarillo 1944, writ ref'd w. o. m.). Here, the trial court made no finding that serious injury was likely to occur if the injunction was denied; instead the judge granted the mandatory injunction solely on the ground that Zelios had knowingly violated the side-yard requirement of the zoning ordinance.

The undisputed evidence showed that the roof placed upon the existing nine-foot, solid brick patio walls was an asset to Zelios' property, as well as to that of adjoining property owners. The uncontradicted evidence showed also that prior to placing the roof atop the patio walls, Zelios was confronted with a serious drainage problem occasioned by water collecting in the patio and entering the interior of Zelios' condominium. Other owners of condominiums in the same complex, as well as other adjacent property owners, testified that the covering of the patio greatly enhanced the entire neighborhood by eliminating a nuisance and that they preferred the covering to remain. Thus, although the covering of the patio technically violated the city's zoning ordinance side-yard requirements, it resulted in a benefit to the entire neighborhood. Particularly in a situation such as this, it was incumbent upon the city to show that the violation by Zelios of the side-yard ordinance requirement was likely to result in serious injury. *Nolte Irrigation Co. v. Willis,* at 455. The city neither pleaded nor attempted to introduce evidence of any such likely dangers. Indeed, although discovery was readily available to the city, no effort was made to develop such evidence if indeed it existed.

Although the city argues that harm to the public welfare must be presumed by the violation of an ordinance, destruction of property cannot be ordered upon mere presumption. Disruption of the city's zoning scheme does not, in itself, justify relief by mandatory injunction. This is particularly true where, as here, the area in question is in a flux of change from single-family dwellings to apartment houses, condominiums, and townhouses. If the city believed that the roof over the patio so endangered the public welfare as to warrant its removal, it had the duty to present facts showing that such a danger actually existed. Absent such proof, the drastic remedy of mandatory injunction is improper. In *City of Amarillo v. Meade,* 286 S.W.2d 276, 278 (Tex.Civ.App.—Amarillo 1956, no writ), the court held that in the absence of proof of fire, sanitation, or other public hazard, enforcement of an ordinance requiring a minimum rearyard by mandatory injunction would be denied as arbitrary, capricious, and unreasonable.

Even though the violation by Zelios was willful, according to the trial court's finding, this does not, in my view, relieve the city of its burden to show an actual danger. Since the crucial inquiry in a mandatory injunction suit is whether serious injury will be inflicted if relief is withheld, the trial court must base its decision on the effect of the violation on the public welfare. If no harmful effect is shown, the issuance of a mandatory injunction, in cases of a violation of a city ordinance, would result in the destruction of property without any

corresponding public benefit. In my view, in such a case, the mandatory injunction serves a punitive, rather than a remedial purpose, and should be denied.

This rationale finds support in the opinion of the supreme court in *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 402 (Tex. 1964). In that case, the supreme court stated that "if the evidence is conclusive that a zoning ordinance is arbitrary and unreasonable, generally or as to particular property, it is the duty of the courts to refuse to enforce it." Thus, the supreme court has recognized that mere violation of an ordinance does not mandate judicial enforcement. Accordingly, I would sustain Zelios' point of error predicated on this specific ground because, in my view, it is arbitrary and unreasonable for the city to seek destruction of property by mandatory injunction where no public benefit is to be derived nor where no public harm is to be remedied. Without such a showing by the city, I would hold that, as a matter of law, mere violation of a city ordinance is insufficient in itself to justify destruction of property by mandatory injunction. Accordingly, I must respectfully dissent.