Robert WADE, Appellant,

v.

Thomas J. ANDERSON et al., Appellees.

No. 8459.

Court of Civil Appeals of Texas, Beaumont.

June 19, 1980.

Rehearing Denied July 17, 1980.

Richard R. Burrough, Cleveland, for appellant.

Frank Robin, Jr., Spring, for appellees.

CLAYTON, Justice.

Appellees filed this suit seeking a mandatory injunction requiring appellant to remove a mobile home from his certain lot in a subdivision in San Jacinto County, alleging as grounds therefor the violation of certain deed restrictions which would prohibit the placing of such mobile home upon the premises. The trial court granted the relief prayed for, and appellant appeals from such judgment.

The restrictive covenant contained in appellant's deed to the premises are as follows:

"3. Only one one-family residence may be erected, altered, placed or be permitted on any lot. No residence may be erected that contains less than 720 feet of covered living area. All buildings must be constructed of wood, wood siding, wood shingles, masonary, asbestos shingles or of material of equal or better quality."

Appellant placed a mobile home upon premises which were subjected to the above quoted deed restrictions. This mobile home was constructed in such a manner that the outside walls were covered with aluminum siding. One of the contentions made by appellees was that such aluminum siding was not of equal or better quality as those materials stated in the deed restrictions and was, therefore, in violation of such restrictions.

■■ Appellant first complains that the trial court failed to file findings of fact and conclusions of law. The record before us shows that the judgment was entered on the 26th day of October 1979. Appellant filed his request for findings of fact on the 21st day of November 1979. This request was not timely filed. *Tex.R.Civ.P. 296.* Moreover, the request for findings of fact, as well as the second request for such findings pursuant to *Rule 297*, must be presented to the trial judge. There is nothing in the record to indicate that any such requests were ever presented to the judge. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). This point is overruled.

Even though the request for findings was not timely filed, the trial court did file such findings. Such findings filed by the judge were not in compliance with *Rule 297.* The judgment was entered October 26, 1979. Appellant's request for findings was made November 21, 1979.

■ The transcript was filed in this court on January 22, 1980. The trial court signed findings of fact and conclusions of law on February 27, 1980, which were included in a supplemental transcript filed on April 21, 1980. We strongly disapprove of such a belated filing. In *Waldrop v. Manning*, 507 S.W.2d 626 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.), the Court of Civil Appeals held it to be reversible error for the trial judge to file his findings of fact so late as to effectively cut off the appellant from requesting and securing additional findings. However, the Supreme Court, in a per curiam opinion, in refusing the application for writ of error, with the notation "no reversible error" states, "Our action is not to be interpreted as approving that portion of the opinion of the Court of Civil Appeals relating to *Tex.R.Civ.P. 296–299* or their application as a basis for the reversal and remand. None of the parties complained of the trial court's action with respect to the findings of fact . . ., and there was no point before the Court of Civil Appeals on this phase of the case." See *Manning v. King*, 514 S.W.2d 899 (Tex.1974).

■ In the case at bar, appellant has not objected to, nor filed a motion to strike, the findings of fact made by the trial judge, and has not urged or presented a point of error concerning such findings. The findings made by the judge are, therefore, properly before this court.

■ Appellant's third point complains of error in ordering him to remove his mobile home from the premises. This point is overruled. The trial court specifically found, by its Finding No. 8, that "Said mobile home is not constructed of wood, masonary, wood siding, wood shingles, asbestos shingles, or of material of equal or better quality." The mandatory injunction

granted by the trial court is obviously based upon this finding of fact, i. e., the type and quality of the materials used in the construction of the home, and not based upon the fact that it was a mobile home. This finding of fact has not been challenged and is binding upon this court. Unless the trial court's findings are challenged by a point of error on appeal, they are binding upon the appellate court. *Zelios v. City of Dallas*, 568 S.W.2d 173 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Katz v. Rodriguez*, 563 S.W.2d 627 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). This unchallenged finding clearly shows a violation of the deed restrictions, and the mandatory injunction was properly granted.

We have considered all other points urged by appellant and overrule them as being without merit.

The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice, dissenting.

I respectfully dissent from an opinion which has strayed from the rule which should govern the disposition of this appeal. We should apply the rule enunciated in *MacDonald v. Painter*, 441 S.W.2d 179, 183 (Tex.1969):

> "[T]he settled rule [is] that restrictions are construed strictly in favor of the grantee and against the grantor and in favor of the free and unrestricted use of the property . . . ."

The greater portion of the majority opinion is taken up with the troublesome, but immaterial, question of the delayed filing of the findings of fact and the failure of appellant to complain of the findings.[1] Instead of this approach, I would invoke the rationale of *Tex.R.Civ.P. 1*, and attempt to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law."

We review a judgment arising out of a bench trial and we have been furnished with a complete statement of facts. Thus, I would utilize the rule set out in *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950):

> "There is nothing in the rules which provides that in a case tried before the court without a jury the findings of fact are conclusive on appeal when a statement of facts appears in the record."

See also, *Douthit v. McLeroy*, 539 S.W.2d 351, 352 (Tex.1976); *Block v. Waters*, 564 S.W.2d 113, 115 (Tex.Civ.App.—Beaumont 1978, no writ).

With this approach, I turn now to a consideration of appellant's second point, quoted in the margin.[2] In doing so, I reach the heart of the case by quoting the covenant relied upon by the appellees:

> "Only one one-family residence may be erected, altered, placed or be permitted on any lot. No residence may be erected, that contains less than 720 feet of covered living area. All buildings must be constructed of wood, wood siding, wood shingles, masonary (sic), asbestos shingles or of material of equal or better quality."

Appellant was required, by the mandatory injunction granted by the trial court, to move his mobile home from his lot in the subdivision upon an undisputed record which shows:

1. There was no prohibition in the restrictive covenant which prohibited the placement of mobile homes upon lots in the subdivision. Although the majority cites *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977), there is no mention of the specificity of the covenant involved in *Lassiter*.[3] Even in the face of that express language, three distinguished members of our Supreme Court

---

1. Appellant's brief was filed on April 7, 1980; the supplemental transcript containing such findings was not filed April 21, 1980.

2. *Point Two:* "The trial court erred in holding that the covenant was enforceable against appellant."

3. The covenant enforced in *Lassiter* read:

   " 'No trailer, . . . placed on any part of said tract, shall at anytime be used as a residence, nor shall any residence of a temporary character be permitted.' " (559 S.W.2d at 355)

were not persuaded that "mobile homes", as distinguished from "trailers", were encompassed in the restriction. Here, mobile homes are not even mentioned in the restriction.

2. The principal witness for the appellees, the complainants in the action below, was Ray Cox, a lawyer by profession, whose main objection was to the presence of the mobile home on the lot, not the type of material used in its construction.[4]

3. Unquestionably, the mobile home had the requisite "720 feet of covered living area" set out in the restriction. Under our record, it was constructed, at least in part, of wood and was covered with aluminum. Robert Steele, a resident of the subdivision, owned a house therein which was covered with aluminum siding.[5] An expert witness, duly qualified to express an opinion on the subject, testified without contradiction that the aluminum siding on Steele's home and appellant's mobile home were "of the same or equal quality."

4. No witness testified to any financial loss or potential loss by any of the appellees because of the location of the mobile home on the lot in question. The only evidence on the subject came from cross-examination of the appellee, Ray Cox, and it was shown that one owner may have lost a potential sale of his lot, but the testimony was hearsay.[6] No effort was made to show any financial loss by any appellee or other landowner in the subdivision.

Under the record which we have before us, I am of the opinion that the trial court erred in ordering the enforcement of a restrictive covenant which was inapplicable to appellant's activities. I would, consequently, sustain appellant's point two (fn. 2, supra) which would result in a reversal of the judgment of the trial court and a rendition of judgment against the appellees. I decline to join in the affirmation of the judgment below.

---

4. Cox, upon cross-examination:

    "Q. Your testimony is you're objecting to a mobile home, not because it's of equal or better material than wood, wood siding and so forth, as set out in Section 3 [of the restrictions]?

    "A. That's correct.

    "Q. You have no quarrel that it is not an equal quality?

    "A. Not really, aesthetically Mr. Burroughs."

5. Mr. Steele, who had been "in steel and aluminum" before his retirement, testified that the aluminum covering his home was .030 in thickness and bore number 6061, the same manufacturer's number used on the aluminum covering the mobile home.

6. This language from *Belverman v. State*, 16 Tex. 130, 132 (1856), is appropriate: "But mere hearsay is not only not the best, nor even secondary evidence; it is no evidence." See also, *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628, 631 (1941).