**LEXINGTON INSURANCE COMPANY, Appellant,**

v.

**ISLAND RECREATIONAL DEVELOPMENT CORPORATION, Appellee.**

No. 09 85 130 CV.

Court of Appeals of Texas,
Beaumont.

March 6, 1986.

Rehearing Denied April 9, 1986.

Lyn Van Dusen, Brown, Sims, Wise & White, Houston, for appellant.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is a suit on an insurance policy. The dispute is over the loss sustained under a business interruption endorsement.

Island Recreational Development Corporation operated Alexis, a restaurant, on Pleasure Island in Port Arthur, Texas. On April 23, 1982, Island Development purchased the insurance policy with the endorsement. Alexis was opened in August, 1982, and on or about September 11, 1982, a wind and rain storm caused severe damage to the restaurant. The restaurant was actually closed from September 11, 1982 until December 3, 1982. Island Development's owner testified the restaurant did not regain the previous level of operation until the end of June, 1983. The trial court made these pertinent findings of fact:[1]

### X.

That during the eighty-two days that Alexis was totally closed that it sustained fixed expenses of $57,000.00 per month, for a total of $153,900.00.

### XI.

That in December of 1982 the Plaintiff had to borrow $150,000.00 from a bank to effect restoration of the facilities, and that said $150,000.00 was in lieu of monies that the Defendant should have paid for the business interruption.

1. These findings do not "parrot" the proposed findings indicating the trial court made inde-

### XII.

That Plaintiff has incurred quarterly interest of $6,100.00 on said borrowed money—totaling $44,000.00 at the time of trial.

### XIII.

That the Plaintiff incurred extraordinary expenses of $2,500.00 in hiring an architect to redesign the restaurant as soon as possible.

### XIV.

That the Plaintiff incurred a $2,500.00 loss for food spoilage because of the storm.

### XV.

That the Plaintiff would have earned a total net profit of $10,000.00 during the eighty two day period that it was totally shut down.

### XVI.

That even after Alexis reopened, it took until the end of June 1983 for Alexis to return to the same volume of business it was at on September 11, 1982.

### XVII.

That the Plaintiff suffered continuing losses from December 3, 1982, through June 30, 1982.

### XVIII.

That after the date of reopening (December 3, 1982), the Plaintiff suffered a total lost profit of $20,000.00 between December 3, 1982 through June 30, 1983.

### XIX.

That from the time period from December 3, 1982, through June 30, 1983,

pendent calculations and findings.

the Plaintiff suffered fixed expenses of $65,000.00 per month, less a total credit of $126,890.62, for a net loss of $328,109.38.

## XX.

That the Plaintiff has suffered total losses of $560,109.38.

The sufficiency of the evidence regarding these finding have not been challenged. We will, therefore, accept such findings as a correct recital of the facts. *Zelios v. City of Dallas*, 568 S.W.2d 173 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.). Lexington has brought forth the following points of error:

### POINT OF ERROR NO. 1

"The Trial Court erred in finding that IRDC was entitled to recover lost profits or fixed expenses of $57,000.00 a month under the language of the business interruption endorsement.

### POINT OF ERROR NO. 2

"The Trial Court erred in finding that IRDC was entitled to cover for *any loss*, whether in the form of lost profits, fixed charges, or 'extraordinary' expenses, beyond December 3, 1982 when the restaurant reopened, under the business interruption endorsement."

The insurance company's argument regarding the first point of error is based upon their expert's reasoning and testimony. Their certified public accountant testified that under the provision of the policy allowing for recovery for the actual loss sustained for fixed charges, the amount the company is liable for is the amount of these fixed expenses which the restaurant would have "earned" had the loss not occurred. This is to say, if the restaurant had incurred expenses of $57,000.00 per month but had not earned that amount, the company would be liable only for the amount earned.

■ Even if this is the correct reading of the policy, the trial court made factual findings which would allow for recovery. The trial court found the fixed expenses were $57,000 per month during the time the restaurant was totally closed. The trial court also found the restaurant would have earned a net profit of $10,000.00 during the same period. Therefore, by finding a net profit, the court impliedly found the fixed expenses would have been earned. This point of error is overruled.

The second point of error relates to the duration of the "business interruption". Lexington argues it ended the day Alexis reopened while the trial court allowed Island Development to recover until the previous level of operation was returned.

■ It is well settled that insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936 (Tex.1984). The language of a policy will be construed according to the subject matter it relates to. *State Farm Mut. Auto. Ins. Co. v. Pan American Ins. Co.*, 437 S.W.2d 542 (Tex.1969). Unfortunately, the insurance policy was not drafted in terms which specifically relate to the restaurant business. The terms were not specifically defined by the insurer. Uncertain language is to be interpreted to avoid forfeiture, defeasance or diminution of a policy. *Travelers Indem. Co. of Rhode Island v. Lucas*, 678 S.W.2d 732 (Tex.App.—Texarkana 1984, no writ). The trial court held the terms of this policy were such as to allow recovery for the period the restaurant was rebuilding its business. This construction is certainly not inconsistent with a business interruption endorsement. The policy is certainly capable of such a construction. This construction allows for coverage thus, the trial court did not err in construing the policy as such. This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.