**ATASCOSA COUNTY APPRAISAL DISTRICT and Atascosa County Appraisal Review Board, Appellants,**

v.

**Joseph J. TYMRAK, Jourdine E. Tymrak, Steve Jaksik, and Judith Tymrak Jaksik, Appellees.**

No. 04–91–00136–CV.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1991.

Rehearing Denied Oct. 2, 1991.

Deborah S. Cartwright and Russell R. Graham, Calame, Linebarger & Graham, Austin, for appellants.

Peter J. Stanton, Williams & Stanton, San Antonio, for appellees.

Before CHAPA, PEEPLES and GARCIA, JJ.

## OPINION

CHAPA, Justice.

In this property tax case, the taxing authorities in Atascosa County ("the district") appeal a judgment awarding attorney's fees of $20,000 to the taxpayers (referred to collectively as "the Tymraks"). The suit involves the valuation of six adjoining tracts of land for the years 1987 through 1990. After extended pretrial proceedings, the parties settled the valuation issue for a lower evaluation than the district had originally set, but they expressly left the issue of attorney's fees for resolution by the court. We affirm.

In its first two points, the district argues that the trial court did not have jurisdiction to render the judgment before us because an earlier summary judgment in its favor had become final before the court set it aside. The court signed the summary judgment on February 19, 1990. The Tymraks filed a timely motion for new trial on March 19, 1990. They then filed an amended motion for new trial on May 3, 1990, which was not timely under TEX.R.CIV.P. 329b(b). The motion for new trial was overruled by operation of law on May 5, the 75th day after the judgment was signed. The court then signed an order granting a new trial on May 16, 1990.

The district claims that the court had no jurisdiction to grant a new trial at that time because the amended motion somehow caused the court to lose jurisdiction. We disagree.

■ After the motion was overruled by operation of law on the 75th day, the trial court had plenary jurisdiction over the case for 30 more days. *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985); *Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex.1982); TEX.R.CIV.P. 329b(e). We are aware of no reason why the filing of an untimely amended motion would destroy the court's plenary power.

■ The district suggests that the court granted the new trial for reasons stated in the untimely amended motion. But that makes no difference because a court can grant a new trial within its period of plenary power for any reason or for no reason at all, except in limited circumstances not present here. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *Garza v. Serrato*, 671 S.W.2d 713, 714 (Tex.App.—San Antonio 1984, no writ). Points one and two are overruled.

■ In point three, the district argues that the Tymraks cannot recover attorney's fees because the case was settled and there is no proof that they "prevailed." Section 42.29 of the tax code states the following:

A taxpayer who prevails in an appeal to the court under Section 42.25 [excessive appraisal] or Section 42.26 [unequal appraisal] of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute.

TEX.TAX CODE ANN. § 42.29 (Vernon Supp.1991). We do not agree with the district that attorney's fees are recoverable under § 42.29 only when there was a trial. The statute specifically requires an *appeal* but not a trial.

■ Initially, appellants have failed to challenge, by point of error, the trial court's express finding that the Tymraks prevailed on each of the four appeals, and the findings are, therefore, binding on this court. *Wade v. Anderson*, 602 S.W.2d 347, 349 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Moreover, even if we were to

consider that appellants' general complaint sufficiently preserves error, the evidence supports the court's express finding that the Tymraks prevailed.

The district valued the property at $100,110. The settlement judgment valued it at $56,000 in 1987, $61,000 in 1988, and $65,000 in 1989 and 1990. Thus, the Tymraks prevailed because they won a judgment lowering their property's valuation on the tax rolls. *See* Katz & Muller, *Procedural Rights and Remedies Under the Texas Property Tax Code*, 18 ST. MARY'S L.J. 1209, 1225 (1987). The tax saving to the Tymraks is about $1000 each year, but the 558–page transcript reflects the extensive effort required of the appellees in order to finally prevail by obtaining the taxing agency's concession to the overvaluation. We overrule point of error three.

The district contends, in point four, that the trial court erred in awarding attorney's fees exceeding the maximum amount allowed by statute. Section 42.29 limits the taxpayer's attorney's fees to 20 percent of the taxes in controversy or $5000 per appeal, whichever is greater. The trial court accepted the Tymraks' argument that they can recover $5000 per year because each tax year constitutes a separate appeal under § 42.29. Findings of fact and conclusions of law were filed and are before this court. The issue, therefore, is whether the trial court abused its discretion in granting the attorney's fees. *Patterson v. Patterson*, 679 S.W.2d 621, 627 (Tex.App.—San Antonio 1984, no writ), citing *Rick Furniture Distributing Co., Inc. v. Kirlin*, 634 S.W.2d 738, 742 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–43 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Rather, a trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and preju-

dicial error of law. *Downer*, 701 S.W.2d at 241–43; *Cessna Aircraft*, 665 S.W.2d at 443; *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex.Civ.App.—Corpus Christi 1976, no writ); *King v. Guerra*, 1 S.W.2d 373, 376 (Tex.Civ.App.—San Antonio 1927, writ ref'd). In ascertaining whether the trial court abused its discretion, the reviewing court must determine if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). The trial court is free, however, to consider the entire record of the case up to and including the motion to be considered. *Id.* at 241. We emphasize, moreover, that the burden is on appellant to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). Unless the judgment or order limits or explicitly states the basis on which the order is given, this court must look to all the arguments before the court to determine if the court acted without justification. *Brasher v. Carr*, 743 S.W.2d 674, 683 (Tex.App.—Houston [14th Dist.] 1987), *rev'd on other grounds*, 776 S.W.2d 567 (Tex.1989).

■ Unless the trial court's findings are challenged by a point of error on appeal, they are binding upon the appellate court. *Wade*, 602 S.W.2d at 349, citing *Zelios v. City of Dallas*, 568 S.W.2d 173, 175 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.). Thus, it has been held that:

> [t]he trial judge, as the trier of the fact, may draw reasonable inferences from the evidence, and his findings of fact may not be disregarded on appeal if the record contains some evidence of probative value from which these inferences may be drawn, or unless the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong.

*IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 565–566 (Tex.App.—Houston [1st Dist.] 1988, no writ), citing *Nicholas v. Crocker*, 687 S.W.2d 365, 367 (Tex.App.—Tyler 1984, writ ref'd n.r.e.). "When findings of fact are filed and are unchallenged, as here, they occupy the same position and are entitled to the same weight as the verdict of a

jury." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). "Thus, unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, the appellate court may not set it aside. *Valencia v. Garza*, 765 S.W.2d 893, 896 (Tex.App.—San Antonio 1989, no writ), citing *Corporate Personnel Consultants v. Wynn Oil Co.*, 543 S.W.2d 746, 748 (Tex.Civ.App.—Texarkana 1976, no writ). The Texas Supreme Court has also held that:

> [I]n determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. The findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it.

*Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 301 (Tex.1963).

The court filed the following findings of fact regarding this issue: 8) that the case was "a consolidated action consisting of four (4) separate appeals from the Orders of the ATASCOSA COUNTY APPRAISAL REVIEW BOARD for the tax years 1987, 1988, 1989 and 1990, filed under two (2) separate cause numbers being A–87–10–395–CV and A–88–10–0457–CV; 9) and, that the appellees incurred attorney's fees of $5,754.65 for the appeal regarding the appraised value of their property for 1987, $5,754.65 for the year 1988, $5,754.65 for the year 1989, and $5,754.65 for the year 1990.

The court also filed the following conclusions of law regarding this issue: 1) that the "Agreement and Stipulation of the parties should be reduced to judgment"; 2) that the "court can take judicial notice of the contents of the Court's file in order to determine the reasonableness and necessity of attorney's fees incurred by the Plaintiffs for each appeal of the Final Orders of the ATASCOSA COUNTY APPRAISAL RE-VIEW BOARD for each tax year in question; 3) that "considering the nature and complexity of the case, the amount in controversy, the amount of time and effort required and the expertise of counsel, the amount of Twenty–Two Thousand Two Hundred Ninety–Eight and 59/100 Dollars ($22,298.59) in attorney's fees incurred by the Plaintiffs is both reasonable and necessary for a case of this type in Atascosa County. And the amount of Five Thousand Five Hundred Seventy–Four and 65/100 Dollars ($5,574.65) in attorney's fees incurred for each appeal of each Final Order of the ATASCOSA COUNTY APPRAISAL REVIEW BOARD is both reasonable and necessary for cases of this type in Atascosa County"; 4) that the "Plaintiffs bring four (4) separate appeals in this Court under § 42.25 and § 42.26 of the Texas Property Tax Code and have prevailed in each appeal to this Court for each tax year involved under both of those sections"; 5) that "the Court concludes that the Plaintiffs are limited to recovering Five Thousand and no/100 Dollars ($5,000.00) for each appeal to this Court of each order entered by the Defendant ATASCOSA COUNTY APPRAISAL REVIEW BOARD by the terms of § 42.29 of the Texas Property Tax Code"; 6) and, that "the Plaintiffs should be awarded a judgment for attorney's fees in the amount of Twenty Thousand and No/100 Dollars ($20,000.00)".

On appeal, appellants fail to challenge, by point of error, any of the above findings or conclusions. Therefore, we are bound by them, and they support the attorney's fees granted by the court. *Wade*, 602 S.W.2d at 349; *Zelios*, 568 S.W.2d at 174.

Further, the Texas Tax Code provides strict compliance with all its requirements for an appeal by any party. In particular, § 42.21 provides the following:

> (a) A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that *a final order* has been entered from which an appeal may be had. *Failure to timely file a petition bars any appeal*

*under this chapter.* (Emphasis supplied.)

\* \* \* \* \* \*

(c) If an appeal under this chapter is pending when the appraisal review board issues an order in a subsequent year under a protest by the same property owner and that protest relates to the same property that is involved in the pending appeal, the property owner may appeal the subsequent appraisal review board order by amending the original petition for the pending appeal to include the grounds for appealing the subsequent order. *The amended petition must be filed with the court in the period provided by Subsection (a) for filing a petition for review of the subsequent order. A property owner may appeal the subsequent appraisal review board order under this subsection or may appeal the order independently of the pending appeal as otherwise provided by this section, but may not do both. A property owner may change the election of remedies provided by this subsection at any time before the end of the period provided by Subsection (a) for filing a petition for review.*

TEX.TAX.CODE ANN. § 42.21 (Vernon Supp.1991) (emphasis supplied).

 Clearly, § 42.25 provides for a limit on attorney's fees on the greater of $5,000 or 20 percent of the total amount of taxes in dispute *per appeal* of each final taxing order; further, § 42.21 provides that an appealing party waives the appeal of any final order if he fails to appeal each final order within the time prescribed. Therefore, the law imposes a clear burden upon the appealing party to appeal each and every final order separately and distinctly, or waive his appellate right as to that final order. Thus, the appeal of each final order is critical and necessary for the preservation of the right of appeal. Once a taxpayer has properly preserved his right of appeal of any individual final taxing order, he has likewise preserved his right to attorney's fees in the same appeal, and should not be deprived of his right to attorney's fees simply because the separately appealed final orders have been consolidated for judicial economy.

Further, the record reflects that the appellees filed two separate suits appealing the four final taxing orders of the appellants for the years 1987 through 1990. Appellants' motion to consolidate, instead of setting out that a purpose for seeking consolidation was to limit attorney's fees, merely seeks the consolidation "to avoid a multiplicity of suits, duplication of evidence and unnecessary expense and delay for the convenience of the parties and the Court." Accepting the listed purpose for the consolidation, the appellees agreed to the consolidation order, and the court entered an agreed order to consolidate. If the purpose of limiting attorney's fees had been disclosed by the appellants in their motion, it appears unlikely that the appellees would have agreed, and judging from the attorney's fees ultimately granted by the court, it is just as unlikely that the court would have granted the consolidation.

Appellants' argument appears to be that once a trial court grants consolidation of several pending tax appeals, it waives its discretion to grant attorney's fees on each appeal; thus, in a situation where an underlying reason for the consolidation is to limit attorney's fees and this purpose is obscured from the court, the result would be that the court would involuntarily waive its discretion. It is untenable to recognize the trial court's discretion to grant less than the maximum attorney's fees in separate appeals, but deny its discretion to grant the maximum attorney's fees on each appeal once it grants consolidation. We hold that the appellants have failed in their burden of establishing that the court abused its discretion in granting attorney's fees based on the four appeals from the four final taxing orders.

In the next two points of error, appellants contend that the court abused its discretion in permitting the testimony of appellees' counsel, Mr. Stanton, over their objection; and, that there is no evidence or insufficient evidence to support the courts findings of facts nos. 3, 4, 5, 6, and 10.

The attacked findings are: (3) that the parties agreed in their Discovery Agreement to alter the requirement of rule 166b(5) regarding the formal designation of experts by answers to interrogatories; (4) that pursuant to the agreement, the appellees informed the appellants that they would call their attorney to testify on attorney's fees; (5) that pursuant to the agreement, the appellants were in receipt of the documents and supporting data relied upon by the attorney for appellees in rendering his expert opinion on attorney's fees; (6) and, that the appellants had full knowledge that the appellees intended to call their attorney as an expert witness on attorney's fees, and chose to ignore the agreement between the parties and insist on supplementation of the appellees answers at the time of the trial.

The record reflects the Discovery Agreement was, in fact, entered into by the parties of record, before the court, regarding the disclosure of the witnesses by a certain time; that the agreement did not require any disclosure in writing; that the appellants, pursuant to the Discovery Agreement, did not make any disclosure in writing, although they insisted in supplementation in writing at the time of the trial on the part of the appellees; that Mr. Stanton, the attorney for the appellees whose testimony is in question, testified that he and Mr. Wylie, the former attorney for the appellants who was not present at the trial, had an agreement to settle everything, but to leave the issue of attorney's fees up to the court; that Stanton made Mr. Wylie orally aware of the fact that Stanton would be testifying on the attorney's fees; and, that up to three days before trial, Stanton and Wylie had an agreement to enter into a stipulation on the attorney's fees upon Wylie being furnished a copy of Stanton's itemized bill, which was introduced into evidence.

Appellees' counsel argued to the court that under these circumstances, appellants should be estopped from now complaining about Stanton testifying without written supplementation, and that at least, good cause existed to permit Stanton to testify. Further, although appellants now insist that appellees were required to respond in writing under the Discovery Agreement, the agreement did not include that requirement, and the appellants in fact, did not respond in writing. Applying the appropriate standard of review, and considering that the trial judge, as the trier of the fact, was clothed with all privileges bestowed upon a jury and could draw reasonable inferences from the evidence, we hold that there is sufficient probative evidence to support the court's challenged findings of fact; we further hold that the findings are not so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *Brown*, 369 S.W.2d at 301; *Valencia*, 765 S.W.2d at 896; *IFG Leasing Co.*, 748 S.W.2d at 565–566.

■ Appellants nevertheless insist in misplacing their reliance on *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671–72 (Tex.1990). In *Sharp*, the Texas Supreme Court enunciated the requirement that the discovery rule be strictly construed. An examination of the interrogatories in question in the present case clearly shows that the interrogatories were directed to only two of the four appellees, Mr. and Mrs. Joseph J. Tymrak. Therefore, under a strict interpretation of the discovery rule, appellees, Steve and Judith Jaksik, who were not included in the interrogatories, were free to present their attorney, Mr. Stanton, without any disclosure to the appellants. Nevertheless, although not required to do so, the record reflects that appellees, Steve and Judith Jaksik, made an oral disclosure that their counsel, Mr. Stanton, would be a witness in accordance with the parties' discovery agreement.

Further, *Sharp* is clearly distinguishable. Unlike *Sharp*, the parties here made a Discovery Agreement before the court, which the court found, and the evidence supports, was fully complied with by the appellees. Also unlike *Sharp*, the discovery arrangements were made by counsel who represented the appellees until immediately before trial. However, appellants' counsel, who made the discovery agreements with Mr. Stanton, was not only replaced for some reason by the appellants at trial, but

also was not presented by the appellants to contradict Mr. Stanton's testimony regarding compliance with the Discovery Agreement, which raised a presumption or inference that such testimony, if produced, would have been favorable to the appellees. *John Deere Co. v. May,* 773 S.W.2d 369, 377 (Tex.App.—Waco 1989, writ denied).

Moreover, the court's findings of fact here, which, unlike *Sharp,* were supported by evidence, clearly establish good cause for permitting Mr. Stanton to testify. Appellants have failed in their burden, and the points are rejected.

Appellants next contend that the "award of attorney's fees to Appellees was against the legal and factual sufficiency of the evidence; and no evidence, or alternatively, insufficient evidence was adduced to establish that $20,000 in attorney's fees was reasonable and necessary."

"The trial court is vested with wide discretion in awarding reasonable attorney's fees and its judgment may not be reversed without a clear showing that it has abused this discretion." *Shook v. Republic Nat'l Bank of Dallas,* 627 S.W.2d 741, 751 (Tex. App.—Tyler 1981), *rev'd on other grounds,* 653 S.W.2d 278 (Tex.1983). "This court must review the whole of the record to determine whether the amount of the [attorney's fees] award is contrary to the overwhelming weight of all the evidence." *Morgan v. Morgan,* 657 S.W.2d 484, 492 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). However, "[e]vidence on the matter [attorney's fees] must be viewed in the light most favorable to the prevailing party." *Mogford v. Mogford,* 616 S.W.2d 936, 945 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

 The trial court found, in finding of fact number 9, that the appellees incurred attorney's fees in the amount of $5,754.65 on each of the four appeals. Conclusions of law numbers 2, 3, 4, 5, and 6 establish that the trial court can take judicial notice of the contents of the court's file in order to determine the reasonableness and necessity of attorney's fees; that considering the nature and complexity of the case, the amount of the controversy, and the time and expertise required of counsel, an amount of $5,574.65 for each of the four appeals, amounting to a total of $22,298.59 in attorney's fees, is both reasonable and necessary in this case in Atascosa County; that appellees brought four separate appeals under § 42.25 and § 42.26 of the Texas Property Tax Code and have prevailed in each appeal before the trial court; that appellees are limited to recovering $5,000.00 for each of the four appeals; and, that the appellees should be awarded a judgment for attorney's fees in the total amount of $20,000.00.

 On appeal, appellants fail to challenge by point of error either finding of fact no. 9, or Conclusions of Law nos. 2, 3, 4, 5, or 6. Findings of fact and conclusions of law are required to be construed together and must be construed, if possible, to be in harmony with the judgment and to support it. *Brown,* 369 S.W.2d at 301. Further, unchallenged findings of fact are binding upon this court. *Wade,* 602 S.W.2d at 349. Therefore, being bound by and construing the unchallenged findings of fact and conclusions of law together, requires that the point be rejected.

Further, even if we were to consider that the general attack on the sufficiency of the evidence as to the attorney's fees was sufficient to be considered as a direct attack on the critical findings of fact and conclusions of law, the point must nevertheless be rejected.

A review of the evidence as a whole, in the light most favorable to the prevailing party, discloses sufficient evidence to support the judgment on attorney's fees. *Morgan,* 657 S.W.2d at 492; *Mogford,* 616 S.W.2d at 945. Regarding attorney's fees, in addition to the testimony by appellees' counsel, Mr. Stanton, the record also contains the testimony of Patricia Tymrak Doughtry, Exhibit 1 (summary of attorney's fees and expenses), and Exhibit 4 (statement of legal services rendered). Since appellants have failed to properly complain about the testimony of Doughtry or Exhibits 1 and 4 by properly briefed points of error, any complaint in this respect is waived. *Ottis v. Haas,* 569 S.W.2d

508, 515 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), citing *Lout v. Whitehead*, 415 S.W.2d 403, 407 (Tex.1967). We have heretofore discussed the testimony of Mr. Stanton and have concluded that it was properly admitted. The point is rejected.

Finally, without providing any authority, as required by TEX.R.APP.P. 74, appellants argue that "an award of $20,000 for attorney's fees in this case violates public policy."

■ After conceding that the awarding of attorney's fees is discretionary with the trial court, appellants inconsistently insist that public policy requires the imposition upon appellees of a showing of bad faith before attorney's fees are justified. We are unable to find any authority to justify the imposition of such a burden upon the appellees, and see no reason to excuse the appellants of their burden to show that the trial court abused its discretion in order to obtain relief.

Clearly, the authority of the trial court to consolidate causes of action stems from the public policy considerations for judicial economy. If in such cases, as appellants insist, the trial court waives its discretion to impose attorney's fees on each appeal by consolidating causes of action, an improper and unjustifiable burden would be imposed upon the trial court. A trial court would be required to prematurely weigh its public policy obligation to judicial economy and its inherent discretion to impose appropriate attorney's fees, prior to granting consolidation, and prior to hearing any evidence at all.

■ Further, as recognized by appellants, attorney's fees "are penal in nature...." *New Amsterdam Casualty Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex.1967). Therefore, public policy also clearly influenced the legislature to provide for attorney's fees in such cases, in order to discourage taxing agencies from unreasonable taxation efforts, by recognizing the consequences for such efforts. We cannot agree that public policy is violated by the imposition of the attorney's fees in this case. The point is rejected.

The judgment is affirmed.

PEEPLES, J., dissents and files an opinion.

PEEPLES, Justice.

I dissent from the majority's holding that each tax year constitutes a separate appeal under § 42.29 and that the Tymraks can recover attorney's fees of $5000 per year, or $20,000. The statute provides as follows:

> A taxpayer who prevails in an appeal to the court under Section 42.25 [excessive appraisal] or Section 42.26 [unequal appraisal] of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute.

TEX.TAX CODE ANN. § 42.29 (Vernon Supp.1991).

I would apply § 42.29's limits to multiple-year tax cases involving the same issues of law and fact. This case concerns property valuation for four tax years (1987–1990) that involved almost identical questions of law and fact. Indeed, the four years involved the same evidence and witnesses. It is true that the Tymraks could have filed four separate lawsuits, but it is equally true that the court could have consolidated them. *See* TEX.R.CIV.P. 174. In my view, when property tax cases involve sufficiently similar issues of law and fact to be consolidated under rule 174, they constitute one case and one appeal for purposes of § 42.29. The statute states the attorney's fee limits in terms of "the *total* amount of taxes in dispute," language that suggests that different tax years may be treated as one case.

In § 42.29 the legislature intended to limit attorney's fees to 20 percent of the taxes at issue, but it recognized that in small cases 20 percent might be inadequate. It therefore allowed a court to assess attorney's fees of $5000 when 20 percent seemed too small. There is no indication that the legislature intended to let courts multiply the $5000 limit by the number of

years at issue, or for that matter, by the number of co-owners. That is what the majority has allowed, even though the four years involved the same parties, the same land, and the same issues of market value.[1] I believe the legislature did not intend that result.

When a tax dispute can be tried in one case, and attorney's fees thereby held to a minimum, I see no reason why additional fees should be recoverable under § 42.29 simply because § 42.21 of the code gives the taxpayer the option of bringing separate appeals to district court or amending his existing petition as years go by and the case is not resolved. See TEX.TAX CODE ANN. § 42.21 (Vernon Supp.1991).

I would sustain point three and reform the judgment to award the statutory maximum $5000 in attorney's fees instead of $20,000.

1. Presumably, under the majority opinion, the court could have awarded $80,000 ($5000 per joint owner per year per tract of land) even though the case was tried in one sitting and all the issues of law and fact were identical.