# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 16-30107

March 6, 2017

Lyle W. Cayce
Clerk

MONUMENTAL TASK COMMITTEE, INCORPORATED; LOUISIANA
LANDMARKS SOCIETY; FOUNDATION FOR HISTORICAL LOUISIANA,
INCORPORATED; BEAUREGARD CAMP NO. 130, INCORPORATED,

Plaintiffs - Appellants

v.

ELAINE L. CHAO, in her official capacity as Secretary of Transportation;
MATTHEW WELBES, in his official capacity as Executive Director of the
Federal Transit Administration; FEDERAL TRANSIT ADMINISTRATION, a
Division of the United States Department of Transportation; UNITED
STATES DEPARTMENT OF TRANSPORTATION; NEW ORLEANS
REGIONAL TRANSIT AUTHORITY; MITCHELL J. LANDRIEU, Hon., in
his official capacity as Mayor of the City of New Orleans; CITY OF NEW
ORLEANS,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-6905

No. 16-30107

Before HIGGINBOTHAM, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs, oral argument, and pertinent portions of the record. Having done so, we find no error of law or reversible error of fact. We therefore AFFIRM the district court's judgment for essentially the same reasons articulated by that court. *See Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573 (E.D. La. 2016). Although we need not reach the question of irreparable harm, as Appellants have failed to present a prima facie case in support of their legal claims,[1] we take this opportunity to make four observations.

First, although Appellants asserted twelve causes of action in their initial complaint, their preliminary injunction application relied solely on two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "No matter how severe and irreparable an injury one seeking a preliminary injunction may suffer in its absence, the injunction should never issue if there is no chance that the movant will eventually prevail on the merits." *Texas v. Seatrain Int'l, S. A.*, 518 F.2d 175, 180 (5th Cir. 1975); *see also La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010) ("Because we have determined that Plaintiffs cannot show a substantial likelihood of success on the merits, we need not address . . . the other necessary elements for preliminary injunctive relief."); *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013) (noting that "[t]o show a likelihood of success, the plaintiff must present a prima facie case"); *cf. Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (holding, in the context of a stay of injunction, that although the movant need not always show a "probability" of success on the merits, the movant must present "a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting a stay"). Put another way, even if the varying strengths and weaknesses of each of the four preliminary injunction factors may cross-compensate, this relationship has limits; the movant still must always "present a prima facie case." *Daniels Health*, 710 F.3d at 582. Such a showing is required, because "it is inequitable to temporarily enjoin a party from undertaking activity which [that party] has a clear right to pursue." *Seatrain*, 518 F.2d at 180. We find that concern particularly heightened when a federal court is asked to interfere with a state political subdivision's activity.

2

## No. 16-30107

legal claims, both of which wholly lack legal viability or support. We therefore hold only that Appellants have failed to carry their preliminary injunction burden with respect to the two claims briefed and given to us, namely, their federal statutory claim and their procedural due process claim based on the Louisiana doctrine of negotiorum gestio. Indeed, by failing to show a constitutionally or otherwise legally protected interest in the monuments, they have also failed to show that any irreparable harm *to the monuments*—even assuming such evidence—would constitute harm *to Appellants*. Second, although Appellants implied at oral argument that the ownership of the monuments and land on which they sit may be uncertain, we have exhaustively reviewed the record and can find no evidence in the record suggesting that any party other than the City has ownership.[2] Third, like the district court below, we accept the City's assurances that it will hire only qualified and highly skilled crane operators and riggers to relocate the monuments from their current positions and, further, that the monuments are merely to be relocated, not destroyed.

Finally, we note the limited scope of our judicial review. We do not pass on the wisdom of this local legislature's policy determination, nor do we suggest how states and their respective political subdivisions should or should not memorialize, preserve, and acknowledge their distinct histories. Wise or unwise, the ultimate determination made here, by all accounts, followed a robust democratic process. Appellants here have failed to put forward even a prima facie showing in support of their two claims that this federal court must

---

[2] In its brief and at oral argument, the City acknowledged that one of the four monuments, Liberty Place, is subject to a 1992 Consent Order and confirmed that the City will not take any action with respect to that monument without an order of approval from the district court.

3

## No. 16-30107

interfere with this local political process, which required consideration of heated and disagreeing viewpoints.

The district court's judgment is AFFIRMED for essentially the same reasons articulated by that court, and, accordingly, the injunction pending appeal is lifted.